IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JILL L. BORSUK,

                 Plaintiff,

v.                                                    OPINION and ORDER

KHLOE PIERCE, AMY HEIMANN, SAUK CTY.          23-cv-794-jdp
HUMAN SERVS., MAC BLESSEM, and DIST. ATT'Y
MICHAEL ALBRECHT,

                 Defendants.

---

Plaintiff Jill L. Borsuk has filed an amended complaint, Dkt. 6, alleging that high-ranking federal and state officials conspired to civilly commit her and to discriminate against her because she is Jewish.

Because Borsuk proceeds without prepayment of the filing fee, I must screen the amended complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Borsuk's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I may also consider documents that the amended complaint incorporates by reference. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I need not accept as true any factual allegations that are merely conclusory, wholly incredible, or directly contradicted by the incorporated documents. *See Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016); *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

I must dismiss the amended complaint, and I will not allow further amendment because the complaint is frivolous and wholly incredible.

ALLEGATIONS OF FACT

Borsuk asked defendant Pierce (Sauk County Human Services employee) to schedule voluntary mental health treatment, and Pierce scheduled her for an assessment to take place a week later. Sauk County Human Services instructed the Sauk County Sheriff's Department to take Borsuk into custody and transport her to Winnebago Hospital. At some point, defendant Heimann (Sauk County Human Services employee) "hounded" Borsuk for being five minutes late to an appointment. Nondefendant Klain (former White House chief of staff) conspired with Sauk County and defendant Albrecht (district attorney) to "falsely" civilly commit Borsuk, who was a voluntary patient at Rogers Memorial Hospital.

Pierce and other individuals associated with Sauk County Human Services discriminated against Borsuk because she's Jewish. Borsuk encountered more antisemitism when an Alcoholics Anonymous member refused to answer her phone calls. Borsuk complained to Sauk County Human Services in 2015 about this conduct but she didn't receive a call back.

Borsuk had a hearing in her involuntary commitment proceedings that fell in the middle of Chanukah, which interfered with her ability to practice her faith. Defendant Blessem (public defender) told Borsuk that the date couldn't be changed because of the Sauk County Human Services' time limits, which showed antisemitism.

ANALYSIS

Borsuk expressly says that she faced racial and religious discrimination, suggesting a claim under the First Amendment or the Equal Protection clause of the Fourteenth Amendment. Her allegations would also suggest a Fourth Amendment claim based on a wrongful civil commitment. But none of these theories are viable given the allegations of the complaint.

**A. Civil commitment claim**

"[S]eizures made to effectuate an involuntary mental health commitment are analyzed under the Fourth Amendment's probable cause standard." *Fitzgerald v. Santoro*, 707 F.3d 725, 732 (7th Cir. 2013). "Probable cause exists only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard." *Id.* "In Wisconsin, that standard is met if the person seized is: (1) mentally ill, drug dependent or developmentally disabled; and (2) dangerous in a way enumerated under the involuntary commitment statute, which generally requires that the person evinces a substantial probability of physical harm to herself or others." *Kreger-Mueller v. Withee*, No. 19-cv-741-jdp, 2019 WL 13241651, at *3 (W.D. Wis. Sept. 25, 2019) (citing Wis. Stat. § 51.20).

Borsuk does not expressly say that her involuntary civil commitment was not supported by probable cause, and her allegations lack enough detail to suggest that "there was no reason to involuntarily commit her." *See id.* Borsuk admits in her amended complaint and incorporated letter that she has mental health and substance abuse problems. In view of these problems, Borsuk's bare assertion that she didn't need involuntary civil commitment is not enough to suggest the lack of probable cause. Borsuk's allegation that high-ranking federal and state

3

officials conspired with Sauk County to falsely civilly commit her undermines this claim because it's fanciful and basically incredible. I will not allow Borsuk to proceed on this claim.

## B. Equal Protection claim

Generally a plaintiff states an equal protection claim by alleging that defendants mistreated her because of her membership in a protected class such as race or religion. *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000). But Borsuk must allege enough facts to support a reasonable inference of discriminatory intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 886 (7th Cir. 2012).

Borsuk contends that individuals associated with Sauk County Human Services discriminated against her because she's Jewish. But Borsuk doesn't identify these individuals and she fails to describe any mistreatment by them that suggests racial discrimination. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). Borsuk doesn't allege, and her allegations fail to suggest, that she was civilly committed because she's Jewish.

Borsuk contends that an Alcoholics Anonymous member showed antisemitism by refusing to answer her phone calls, but this a claim based on this would fail for several reasons. Borsuk doesn't identify that person or name him or her as a defendant in the amended complaint's caption. *See id.*; *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). Borsuk's allegations don't suggest that this person was a governmental actor. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 (governmental action requirement for civil actions bringing constitutional violations). Borsuk's bare assertion that this individual had a "federal grant" and was "contractually connected to Sauk County Human Services to set

4

up ride[] meetings" doesn't suggest otherwise. *See, e.g., Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1932 (2019) (mere receipt of governmental funds doesn't make the defendant a governmental actor). Even if Borsuk could otherwise state a claim, this allegation is untimely because the purported discrimination occurred in 2015. *See Bey v. Hamblin*, No. 17-cv-784-jdp, 2018 WL 3075834, at *2 (W.D. Wis. June 21, 2018) (noting that federal courts generally apply Wisconsin's six-year limitations period to claims under § 1983).

Borsuk alleges that Blessem discriminated against her because he told her that a hearing date that interfered with her ability to practice Chanukah couldn't be changed. But "a court-appointed public defender is not a state actor, and thus cannot be sued under . . . § 1983." *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012).

Borsuk's allegations do not suggest that any defendant treated her differently from non-Jewish persons for arbitrary reasons, or for no reason at all. *Cf. Reed*, 842 F.3d at 964. I will not allow Borsuk to proceed on an Equal Protection claim.

C. **First Amendment claim**

The First Amendment applies to religious discrimination claims based on interference with a religious practice, leaving for the Equal Protection Clause "only a claim of arbitrariness unrelated to the character of the activity allegedly discriminated against." *Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir. 1988).

The basic rule is that a plaintiff states a First Amendment free exercise claim by alleging that governmental defendants "personally and unjustifiably placed a substantial burden on his religious practices." *See Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016); *but see Lockett v. Brown*, No. 20-cv-339-jdp, 2020 WL 6566150, at *3 (W.D. Wis. Oct. 20, 2020) (discussing variations in the precise elements of a free exercise claim). "A substantial burden puts

substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson*, 809 F.3d at 379 (alteration adopted).

Borsuk's allegations fail to suggest that any defendant substantially burdened her religious practice. The allegation that a civil commitment hearing was scheduled during Chanukah fails to suggest otherwise and, in any case, Blessem isn't a state actor. I will not allow Borsuk to proceed on a First Amendment claim.

### D. Allegations from incorporated letter

I will not separately analyze the allegations in Borsuk's incorporated letter because they are the subject of another lawsuit pending in this court. *See Borsuk v. Klain et al.*, 23-cv-799-jdp. Even if I did, I would not allow Borsuk to proceed on them because they are wholly incredible.

### E. Dismissal without leave to amend

The court of appeals has cautioned against dismissing a case brought by a plaintiff proceeding without counsel without giving her a chance to amend the complaint. *Felton*, 827 F.3d at 636. But dismissal in this case is appropriate because it's clear that further amendments will be futile. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013). For one thing, even though she filed it on her own, without the court's direction, Borsuk has already had the opportunity clarify her allegations in the amended complaint. Borsuk's fanciful allegation that high-ranking federal and state officials conspired to falsely civilly commit her undermines her Fourth Amendment claim, and her other claims are replete with incurable pleading problems. There's no indication that allowing Borsuk to amend her complaint again would yield a pleading with plausible merit.

ORDER

IT IS ORDERED that:

1. Plaintiff Jill L. Borsuk's amended complaint, Dkt. 5, is DISMISSED without leave to amend because it fails to state a claim and is frivolous.

2. The clerk of court is directed to enter judgment and send Borsuk a copy of this order and the judgment.

Entered December 19, 2023.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge